**United States District Court**
For the Northern District of California

1
2
3
4
5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8   IBEW LOCAL 595 HEALTH & WELFARE          No. C-09-5870 EDL
    TRUST FUND; IBEW LOCAL 595 MONEY
9   PURCHASE PENSION TRUST FUND; IBEW        **REPORT AND RECOMMENDATIONS**
    LOCAL 595 VACATION FUND; IBEW            **RE: PLAINTIFF'S MOTION FOR**
10  LOCAL 595 APPRENTICE & TRAINING          **DEFAULT JUDGMENT**
    FUND; ELECTRICAL CONTRACTORS
11  TRUST; CONTRACTORS
    ADMINISTRATION FUND; AND LABOR
12  MANAGEMENT COOPERATION FUND;
    ELECTRICAL INDUSTRY SERVICE
13  CORPORATION; VICTOR UNO in his capacity
    as Trustee of the IBEW LOCAL 595 TRUST
14  FUNDS and Officer of the ELECTRICAL
    INDUSTRY SERVICE CORPORATION; and
15  DON CAMPBELL in his capacity as Trustee of
    the IBEW LOCAL 595 TRUST FUNDS and
16  Officer of the ELECTRICAL INDUSTRY
    SERVICE CORPORATION,
17
                    Plaintiffs,
18
        v.
19
    ACS CONTROLS, INC.,
20
                    Defendant.
21  _____/

22

23  **BACKGROUND**

24          On December 15, 2009, Plaintiffs filed a complaint under Sections 502 and 515 of the

25  Employee Retirement Income Security Act of 1974 ("ERISA") and 29 U.S.C. § 1132 and § 1145,

26  alleging that Defendant ACS Controls, Inc. ("ACS") violated a Collective Bargaining Agreement

27  ("CBA") and certain Trust Agreements.  The complaint sought an order requiring Defendant to pay

28  delinquent employee fringe benefit contribution amounts for the months of June through October

    2009, as well as liquidated damages, interest, reasonable attorneys' fees, and costs, and for other

United States District Court
For the Northern District of California

1  relief as the court deems proper.

2      On December 23, 2009, Defendant was served with the complaint.  See Docket No. 5.

3  Defendant failed to answer the complaint or otherwise defend the action.  On January 28, 2010,

4  upon Plaintiff's request, the Clerk of this court entered Defendant's default under Federal Rule of

5  Civil Procedure 55(a).  See Docket No. 8.  By its default, Defendant is deemed to have admitted the

6  well-pleaded averments of the complaint except those as to the amount of damages.  See Fed. R.

7  Civ. P. 8(b)(6).  In this Motion for Default Judgment, Plaintiff seeks judgment in the amount of the

8  delinquent employee benefit contributions, liquidated damages, interest, attorney's fees and costs.

9      Plaintiff's application for default judgment against Defendant came on for hearing on May

10  11, 2010.  Plaintiff appeared at the hearing through counsel Phil A. Thomas and Christine S. Hwang.

11  Defendant did not appear for the hearing.  Defendant has not consented to magistrate judge

12  jurisdiction pursuant to 28 U.S.C. § 636(c).  This matter will therefore be reassigned to a district

13  judge with the following report and recommendation for default judgment.

14  **DISCUSSION**

15      In an action to enforce payment of delinquent contributions, "the court shall award the plan -

16  (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) . . . (ii) liquidated

17  damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount

18  determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs . . . ."  29

19  U.S.C. §  1132(g)(2).  An award under section 1132(g)(2) is appropriate based on the amount of

20  contributions that were delinquent at the time of suit, even if the defendant tendered the unpaid

21  contributions prior to judgment.  See Northwest Adm'rs, Inc. v. Albertson's, Inc., 104 F.3d 253, 258

22  (9th Cir. 1996) (quoting Carpenters Amended and Restated Health Benefit Fund v. John W. Ryan

23  Constr. Co., Inc., 767 F.2d 1170, 1175 (5th Cir. 1985)) ("[M]andatory fees are available under §

24  1132(g)(2) 'notwithstanding the defendant's post-suit, pre-judgment payment of the delinquent

25  contributions themselves.'").

26      **A.**    **Plaintiff is Entitled to Default Judgment**

27      A court may not enter a default judgment against an unrepresented minor, an incompetent

28  person, or a person in military service.  See Fed. R. Civ. P. 55(b)(2); 50 U.S.C. App. § 521(b)(1).

**United States District Court**
For the Northern District of California

1   As a corporation, Defendant is not a unrepresented minor or incompetent person, or a person in

2   military service, or otherwise exempted from default judgment.  <u>See</u> Compl. ¶ 7 (Defendant is a

3   California corporation).

4       In determining whether to grant a default judgment, a court should consider the following

5   factors: (1) the substantive merits of the plaintiff's claim(s); (2) the sufficiency of the complaint; (3)

6   the amount of money at stake; (4) the possibility of prejudice to the plaintiff if relief is denied; (5)

7   the possibility of dispute as to any material facts in the case; (6) whether default resulted from

8   excusable neglect; and (7) the strong policy of the Federal Rules of Civil Procedure favoring

9   decisions on the merits.  <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).  ACS has

10  failed to respond to the complaint or otherwise to appear in the proceedings.  By its default, ACS is

11  deemed to have admitted the well-pleaded averments of the complaint except those as to the amount

12  of damages.  <u>See</u> Fed. R. Civ. P. 8(d).  Accordingly, ACS concedes that it had a contractual duty to

13  make benefit contributions, and that it failed to make such payments.  <u>See</u> Compl. ¶¶ 9, 10.  The

14  probability of dispute as to any material facts is low because the parties executed written

15  agreements, and the default does not appear to be the result of any excusable neglect.  Plaintiffs will

16  suffer prejudice if relief is not granted because they have been forced to expend approximately

17  $10,345.81 in costs and fees to enforce the CBA and trust agreements.  Given ACS's failure to

18  appear or to settle the dispute, the sufficiency of Plaintiffs' Complaint, and the apparent merit of

19  Plaintiffs' substantive claims, the Court recommends that default judgment be entered against ACS.

20  <u>See</u> Fed.R.Civ.P. 55(b); <u>Eitel</u>, 782 F.2d 1470.

21      **B.      Plaintiff's Entitlement to Liquidated Damages, Interest, Costs and Fees**

22      Plaintiffs have the burden of proving their entitlement to relief through testimony or written

23  affidavit.  To that end, Plaintiff submitted the declarations of: Maria Carrillo of Zenith

24  Administrators, an entity that provides administrative services for Plaintiffs and is the Fund Manager

25  for the Trust Funds, Phil A. Thomas, Plaintiff's counsel, Christine S. Hwang, Plaintiff's counsel, and

26  Victor Uno, Plaintiffs' business manager.  Defendant was bound by the terms and conditions of the

27  CBA and Trust Agreements with IBEW Local 595, which require that contributions be paid on

28  behalf of covered employees to Plaintiffs.  <u>See</u> Compl. ¶ 8; Carrillo Decl. Exs. A, C; Uno Decl. ¶¶ 2-

4, Ex. A.  The agreements provide for liquidated damages and interest on delinquent employee

benefit contribution amounts.  See Carrillo Decl. Ex. C; see also Second Carrillo Decl. ¶ 4, Ex. B.

Defendant failed to submit benefit contributions in the amount of $29,749.36 for hours

worked from June 2009 to present.  See Carrillo Decl. ¶ 5, Ex. B; Second Carrillo Decl. ¶¶ 5-8, Ex.

A.  Plaintiff seeks liquidated damages on those delinquent employee benefit contributions in the

amount of $2,538.74.  See id.  Plaintiff seeks interest on the contributions in the amount of

$1,1779.72 as of May 10, 2010.  See id.

Attorney's fees and costs of action may be awarded to a Trust Fund or Employee Benefit

Plan that receives a judgment in its favor, and the CBA provides for the recovery of attorney's fees

and costs.  See 29 U.S.C. § 1132(g)(2)(D); Carrillo Decl. Ex. C.  Plaintiff has submitted the

declarations of attorney Phil A. Thomas and Christine Hwang to establish attorney's fees and costs.

Mr. Thomas originally calculated that his firm spent 47 hours of attorney time and 20 hours of

paralegal time in prosecuting this action.  See Thomas Decl. ¶ 2.  Plaintiff also originally claimed

costs incurred in connection with this matter in the amount of $545.00.  See Thomas Decl. ¶ 2.

However, attorney Christine Hwang has submitted a subsequent declaration claiming 38.6 hours of

attorney time at a rate of $250.00 per hour, as well as 1.3 hours of paralegal time at a rate of

$150.00, for a total of $9,845.00.  The Hwang declaration also seeks $500.81 in costs.  The Court

finds that the costs and rates charged are reasonable, but that the attorney hours spent are higher than

usual in this type of case and it appears from the evidence before the Court that Plaintiffs' counsel

could have been more efficient in litigating this action.  The Court therefore finds that a 10%

reduction of the amount of attorneys fees claimed by Plaintiffs is warranted, and awards fees in the

amount of $8,860.50.

**CONCLUSION**

For the reasons set forth above, and for good cause shown, it is hereby recommended that

default judgment be entered in the amount of $29,749.36 in delinquent contributions, $2,538.74 in

liquidated damages, $1,779.72 in interest, $8,860.50 in attorney's fees, and $500.81 in costs.

Any party may serve and file specific written objections to this recommendation within ten

(10) days after being served with a copy.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil

4

Local Rule 72-3.  Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: May 11, 2010

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

**United States District Court**
For the Northern District of California